764 A.2d 446

IN THE MATTER OF COUNCIL OF NEW JERSEY
STATE COLLEGE LOCALS, AFT, AFL–CIO
AND STATE OF NEW JERSEY.

Superior Court of New Jersey
Appellate Division

Argued December 13, 2000—Decided January 4, 2001.

Before Judges COBURN, AXELRAD and LANDAU.

*George N. Cohen,* Deputy Attorney General, argued the cause for appellant State of New Jersey (*John J. Farmer, Jr.,* Attorney General of New Jersey, attorney, *Mary C. Jacobson,* Assistant Attorney General, and *Michael Haas,* Assistant Attorney General, of counsel, *Mr. Cohen,* on the brief).

*Mary L. Crangle* argued the cause for respondent Council of New Jersey State College Locals, AFT, AFL–CIO (*Sagot, Jennings and Sigmond,* attorneys, *Ms. Crangle,* on the brief).

*Robert E. Anderson* argued the cause for the Public Employment Relations Commission (*Mr. Anderson*, on the brief).

The opinion of the court was delivered by

AXELRAD, J.T.C. (temporarily assigned).

This case brings before us a decision of the Public Employment Relations Commission (PERC) involving the permissible scope of negotiations with the State for healthcare benefits. The Council of New Jersey State College Locals, AFT, AFL–CIO (Council), acting on behalf of part-time adjunct faculty, attempted to negotiate with the State for financial contribution to a union-arranged health benefits insurance program. The State refused, claiming that the State Health Benefits Program Act (SHBP), *N.J.S.A.* 52:14–17.25 to –17.45, which excludes coverage for part-time employees, preempts negotiation of this issue. In a proceeding conducted pursuant to this authority under *N.J.S.A.* 34:13A–5.4(d), PERC agreed with Council, finding that even though part-time State employees were ineligible for SHBP coverage, they were legally entitled to negotiate for contributions by the State to a union health and welfare fund which would purchase health benefits at group rates. The State appeals, and we affirm.

Council is the collective bargaining representative of adjunct faculty at various State colleges and universities. Council and the State were parties to a collective negotiations agreement that expired on June 30, 1999. During the course of new contract negotiations, Council proposed that the State contribute to a union health and welfare fund for the purpose of providing participants with health benefits to be purchased at group rates.[1] Council made the following proposal:

---

[1] Because of time constraints, the parties entered into a new collective negotiations agreement, which expires on June 30, 2003 and which contains no health insurance provision. Although the issue might be considered moot, it warrants a resolution for future guidance, as it involves a matter of "compelling public importance and is capable of repetition." *See, e.g., In re J.I.S. Indus. Serv. Co. Landfill,* 110 *N.J.* 101, 105, 539 *A.*2d 1197 (1988); *In re Conroy,* 98 *N.J.* 321, 342,

> The State shall contribute to a UNION Health and Welfare Fund established and administered by the UNION, an amount equal to ___% of the earnings of each and every member of the adjunct bargaining unit for the purpose of providing health benefits to Fund participants.

Health insurance is a term and condition of employment under the New Jersey Employer–Employee Relations Act, *N.J.S.A.* 34:13A–1 to –30, requiring negotiation absent a preemptive statute or regulation fixing that employment condition. *N.J.S.A.* 34:13A–5.3; *Board of Educ. v. Employees Ass'n,* 178 *N.J.Super.* 477, 479, 429 *A.*2d 429 (App.Div.1981).

█ The benefits provided by SHBP are available only to "full-time employee[s] of the State...." *N.J.S.A.* 52:14–17.26. The question is whether the SHBP Act preempts negotiation for similar benefits under an alternate plan.

█ For legislation to preempt collective negotiations, such as that proposed by Council, the legislation "must 'speak in the imperative and leave nothing to the discretion of the public employer.'" *Bethlehem Township Bd. of Educ. v. Bethlehem Township Educ. Ass'n,* 91 *N.J.* 38, 44, 449 *A.*2d 1254 (1982) (quoting *In re Local 195 IFPTE v. State,* 88 *N.J.* 393, 403–04, 443 *A.*2d 187 (1982)). "The mere existence of legislation relating to a given term or condition of employment does not automatically preclude negotiations. Negotiation is preempted only if the regulation fixes a term and condition of employment 'expressly, specifically and comprehensively.'" 91 *N.J.* at 44, 449 *A.*2d 1254 (quoting *Council of New Jersey State College Locals v. State Bd. of Higher Educ.,* 91 *N.J.* 18, 30, 449 *A.*2d 1244 (1982)). Moreover,

> a regulation will preempt negotiation only if it leaves no room for discussion as to what is required of both the employer and the employee. Hence, a preempting regulation must be complete; it must say all there is to be said.

> [*Id.* at 48, 449 *A.*2d 1254.]

486 *A.*2d 1209 (1985); *Guttenberg Sav. & Loan Ass'n v. Rivera,* 85 *N.J.* 617, 622–23, 428 *A.*2d 1289 (1981); *Dunellen Bd. of Educ. v. Dunellen Educ. Ass'n,* 64 *N.J.* 17, 22, 311 *A.*2d 737 (1973).

Although the SHBP Act specifies the health insurance benefits available to those categories of employees who are eligible to participate, it contains no limitation on the right of part-time employees to negotiate for health benefits outside the Act.

By establishing a state health insurance plan in which adjunct faculty are ineligible to participate, the Legislature has not "expressly, specifically and comprehensively" excluded adjunct faculty from seeking, through negotiations, to have their employer provide them with health care insurance benefits through other means. As noted by PERC, there is nothing "in the statute or its legislative history to suggest that the SHBP is the exclusive and uniform mechanism through which State employees may receive health insurance benefits or that there is an express legislative plan to uniformly withhold health benefits from State employees ineligible under the SHBP."

Nor does the New Jersey Employer–Employee Relations Act, enacted seven years after the SHBP Act, preclude employees not covered by the SHBP from negotiating for contribution towards health benefits outside the SHBP. Had the Legislature intended to exclude this type of health benefits proposal from collective bargaining, it could have expressly provided so, as it did, for example, in its 1974 amendment to *N.J.S.A.* 34:13A–8.1, which precludes negotiation of any proposal which would affect the subject of employee pensions. *State v. State Supervisory Employees Ass'n,* 78 *N.J.* 54, 83, 393 *A.*2d 233 (1978).

Neither do our cases suggest preclusion of alternate State–paid health insurance to employees ineligible for SHBP coverage. To the contrary, in *Rutgers Council of AAUP Chapters v. Rutgers,* 298 *N.J.Super.* 442, 689 *A.*2d 828 (App.Div.1997), *certif. denied,* 153 *N.J.* 48, 707 *A.*2d 151 (1998), we held that same-sex partners of covered employees could not receive coverage through the SHBP. However, we went on to observe that

plaintiffs do not appear to be barred from utilizing the collective bargaining process to seek supplemental private plan coverage for dependents who may not qualify under the SHBP.

[*Id.* at 462, 689 *A.*2d 828.]

■ Moreover, there is no merit to the State's claim that Council's proposal shifts "public money to a private entity ... without accountability...." Public policy does not prohibit payments to a union-administered health fund. As PERC properly found, "[U]nion-administered health and welfare funds are common, both in private and public employment." Payment to a health and welfare fund is a lawful substitute for payment of direct compensation. *Teamsters Local 331 v. Atlantic City*, 191 *N.J.Super.* 404, 411, 467 *A.*2d 264 (Ch.Div.1981), *aff'd*, 191 *N.J.Super.* 394, 467 *A.*2d 259 (App.Div.1983). Furthermore, public policy considerations and the balancing of the parties' interests support PERC's finding of negotiability. Providing adjunct faculty with the ability to negotiate for health coverage "intimately and directly affect[s] the work and welfare of public employees" and does not "significantly interfere with the [State's] exercise of inherent management prerogatives pertaining to determination of governmental policy." *State v. State Supervisory Employees Ass'n*, *supra*, 78 *N.J.* at 67, 393 *A.*2d 233. These part-time employees have a strong interest in having health insurance and in obtaining that insurance on an affordable group basis. The State can protect its budgetary interest in the negotiation process.

Affirmed.